THE GRAMATAN NATIONAL BANK OF BRONXVILLE, Respondent, *v.* GERSETA CORPORATION, Appellant.

*Bills, notes and checks — discount of draft or trade acceptance without notice of conditions attached upon acceptance — action to recover amount thereof.*

*Gramatan Nat. Bank* v. *Gerseta Corp.*, 202 App. Div. 809, affirmed. (Argued March 20, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 15, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover upon a certain draft or trade acceptance drawn by a corporation called the Raw Silk Trading Company on and accepted by defendant and thereafter discounted by the plaintiff. The defendant denied that the plaintiff is a holder in due course, and claims that this trade acceptance was not given to the Raw Silk Trading Company in the ordinary course of business but was delivered conditionally, the express conditions being that the paper was not to be discounted by the Raw Silk Trading Company, but was to be used as temporary collateral for the sole purpose of releasing certain goods of the Raw Silk Trading Company then in the warehouse, and that it was understood and agreed between said parties at the time this trade acceptance was delivered and the Raw Silk Trading Company that as soon as the merchandise was released from the warehouses other trade acceptances were to replace the acceptances in suit, and the latter was to be returned to the defendant. And in the event that the trade acceptance in suit was not so returned that it should be set off against any indebtedness owing to the defendant by the Raw Silk Trading Company, at some subsequent time when an accounting would be had between the parties. And the defendant further contended that the plaintiff, at the time it received the said trade acceptance, had full knowledge of all the conditions attached thereto. The trial court held that

plaintiff discounted the draft for value without notice of any condition attached thereto.

*Mortimer Hays* and *Herman Shulman* for appellant. *Joseph H. Choate, Jr.,* and *William L. Rumsey* for respondent.

· Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE BAPTIST HOME OF MONROE COUNTY, Respondent, *v.* CHAUNCEY SMEAD, Appellant.

*Real property — partition — sufficiency of publication of summons and of notice of sale — validity of title under referee's deed.*

*Baptist Home v. Smead,* 204 App. Div. 902, affirmed.
(Argued March 21, 1923; decided April 17, 1923.) ·

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 21, 1922, affirming a judgment in favor of plaintiff entered upon a decision of the court at Special Term upon the submission of a controversy on an agreed statement of facts which show that the plaintiff and defendant entered into a contract for the sale and purchase of a parcel of land and that upon a tender by the plaintiff of a deed to said property the defendant refused to accept title on the sole ground that the plaintiff's title was defective because of irregularities in a partition action through which plaintiff derived title by a referee's deed by reason of the fact that the summons and notice of sale were published in *The Daily Record* which defendant claimed was not a newspaper within the meaning of the statute providing for publication of such notices. The court at Special Term held the publication to have been sufficient and that there was no defect in plaintiff's title.

*Charles W. Butler* for appellant.
*John D. Lynn* for respondent.